UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN BARRY ESTEP,

    Petitioner,                                              No. 2:07-cv-01557-NRS

    vs.

D.K. SISTO, Warden,                        ORDER

    Respondent.

## INTRODUCTION

In his petition for writ of habeas corpus, Estep raises two claims. For the reasons discussed below, Petitioner's claims are DENIED.

## STATEMENT

Because the parties are familiar with the factual background as well as the state procedural background of this case, this court highlights here only the events giving rise to the current federal action.

Estep appeared before the Board of Parole Terms ("BPT") on June 24, 2005. At the hearing, Estep was questioned regarding the pre-commitment factors affecting his possible parole, his parole plans, and the post-commitment factors affecting his possible parole. During this questioning, Estep was allowed to

answer the questions and present his arguments as to the proper inferences and conclusions that should be drawn from each of these areas of questioning. Much of the discussion centered around Estep's history of problems with anger management.

Estep's claims center around the legality of his removal from the hearing, and the legality of the determination. Estep was removed during the time for closing statements. Preceding his removal, the following exchange took place:

> **Presiding Commissioner Angele:** All right, closing please Mr. Gonzalez. [Attorney from the District Attorney's Office in Sacramento]
> **Inmate Estep:** Can I get a chance to say something here?
> **Presiding Commissioner Angele:** What do you want to say?
> **Inmate Estep:** Ok, on and for the record I John Estep, do not consent to contract with you but freedom of contract is a declaration that.
> **Presiding Commissioner Angele:** Mr. Estep, Mr. Estep, remove the inmate.
> **Inmate Estep:** You denied me my right, you denied me my judicial right. You are denying my rights, this is not legal concept.
> **Attorney Mondorf** [Attorney for Estep]**:** Excuse me officer.
> **Presiding Commissioner Angele:** (indiscernible)
> **Deputy Commissioner Nielsen:** Anger management.
> **Presiding Commissioner Angele:** Well it is obvious that the inmate needs to get involved in some rage control or anger management. But regardless (indiscernible) Mr. Mondorf, I don't accept any sort of disrespecting of the chair by the inmate and he was clearly out of control. Closing please Mr. Gonzalez.

Estep describes his behavior during that exchange as an act of civil defiance. Estep's attorney did not object to Estep's removal.

## PROCEDURAL HISTORY

Petitioner filed his petition for a writ of habeas corpus on July 5, 2007. The state concedes that Estep exhausted his state judicial remedies as to these claims. The Superior Court for the County of Sacramento denied Estep's state petition on the grounds that Estep was not able to state a prima facie case for relief. Both the

2

California Court of Appeals and the California Supreme Court denied Estep's petition in one sentence denials.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v. Taylor*, 529 U.S. 362, 402–13 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (disapproving of the Ninth Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams*, 529 U.S. at 412. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75–76 (quoting *Williams*, 529 U.S. at 411). "Rather, that application must be objectively unreasonable." *Id*.

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887

(1983); *Harris v. Nelson*, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765 (1995); *Thompson v. Keohane*, 516 U.S. 99 (1995); *Langford v. Day*, 110 F.3d 1380, 1388 (9th Cir. 1997). Finally, even if this court finds a constitutional violation, such a violation does not warrant habeas relief unless the violation in question "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993).

Moreover, Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

**DISCUSSION**

Petitioner seeks habeas relief on two grounds: (1) the BPT violated Estep's right to due process under the Fourteenth Amendment because it did not permit him "to speak on his behalf" at the parole consideration hearing; and (2) the BPT violated Estep's right to due process under the Fourteenth Amendment because it "breached the initial, original, sentencing contract with Prisoner Estep."

**1. Estep's Right to Speak on His Own Behalf of that Hearing**

The Superior Court denied this claim on two grounds: (a) because Estep had

not provided a complete transcript of the BPT proceeding, it could not determine whether his removal was justified; and (b) even if his removal was not justified, he was not prejudiced, because he could not show that, even if he had been allowed to continue in his statement, the BPT would have been more likely to grant parole or deny parole for a shorter period than five years.

A parole board's procedures must "afford[] an opportunity to be heard, and when parole is denied . . . inform[] the inmate in what respects he falls short of qualifying for parole. The Constitution does not require more." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 15 (1979). Estep argues that he was not afforded an opportunity to be heard. Estep does not set out or define the boundaries or nature of his constitutional right to be heard. However, the Superior Court made its holding on the merits in its prejudice determination. Therefore, Estep must demonstrate that the Superior Court's finding of lack of prejudice was contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court, or was an unreasonable determination of the facts in light of the evidence presented in the proceeding.

Estep has not offered any clearly established law prohibiting the Superior Court from finding that there was no prejudice even if he was improperly removed. Further, Estep has not presented facts showing that the Superior Court's determination was unreasonable. A reading of the BPT proceeding transcript reveals that Estep was given ample time to answer questions, was treated with respect, and was removed only after he disrupted the proceedings with a seemingly irrelevant speech.

Therefore, Estep's claim that the BPT's actions deprived him of his right to due process under the Fourteenth Amendment is denied.

### 2. Sentencing Contract

"Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (citing *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970)). It is not entirely clear what Petitioner is alleging in the second ground of his habeas petition. Petitioner argues that the BPT "has breached the initial, original, sentencing contract with Prisoner Estep." Memo of Points and Authorities in Support of Habeas Relief at 5. Because this court is unable to identify a cognizable claim for federal habeas relief, it must deny this claim.

Accordingly, IT IS HEREBY ORDERED that Petitioner's habeas petition is DENIED. Petitioner's first claim is denied with prejudice. Petitioner's second claim is denied without prejudice.

DATED: **January 6, 2010**

_____

Honorable N. Randy Smith

Ninth Circuit Court of Appeals Judge